## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**RANDOLPH S. KOCH,**                   )
                                        )
    **Plaintiff,**  )
                                        )
    **v.**           )        **Case No. 12-cv-01934 (APM)**
                                        )
**JAY CLAYTON[1], et al.,**             )
                                        )
    **Defendants.**  )
_____ )

### MEMORANDUM OPINION AND ORDER

On May 30, 2017, Plaintiff Randolph S. Koch moved the court to alter or amend its May 2, 2017, Memorandum Opinion and accompanying Order, in which the court entered summary judgment for Defendant Jay Clayton, in his official capacity as Chairman of the United States Securities and Exchange Commission. *See* Pl.'s Mot. for Recons., ECF No. 107 [hereinafter Pl.'s Mot.]; Mem. Op., ECF No. 105; Order, ECF No. 106.[2] Plaintiff asks the court to reverse the entry of summary judgment in favor of Defendant and reinstate the case because discovery was "unreasonably curtail[ed]" in prior proceedings before the Merit Systems Protection Board and this court, and he believes manifest injustice underlies the litigation as a whole. *See* Pl.'s Mot. at 1–2. More specifically, Plaintiff claims Defendant has thwarted his ability to obtain discovery by destroying the records he needs to prove his case, filing "a misleading and malicious motion"

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court automatically substitutes Jay Clayton for Mary Jo White. *See* Fed. R. Civ. P. 25(d) (directing automatic substitution of an officer's successor).

[2] Although Plaintiff labels his motion a "Motion for Reconsideration," the court treats Plaintiff's filing as a request to alter or amend the court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Rule 54(b)— which governs motions for reconsideration—only applies when the court has ruled on some, but not all, the claims before it, while Rule 59(e) applies when the court has adjudicated all the claims as to all the parties. *See* Fed. R. Civ. P. 54(b), 59(e); *see also Loumiet v. United States*, 65 F. Supp. 3d 19, 24 n.2 (D.D.C. 2014) (comparing Rules 54(b) and 59(e)). The court's May 2, 2017, Order resolved all the claims as to all the parties, *see* Order, ECF No. 106, making Rule 54(b) inapplicable. Thus, the court construes Plaintiff's Motion as seeking relief under Rule 59(e).

regarding Plaintiff's FOIA activity, and acting unethically throughout the litigation. *See id.* at 1–2, 6, 8–16. Additionally, Plaintiff avers that this court has acted unjustly by both setting too short a discovery period and requiring Plaintiff to adhere to deadlines, given Plaintiff's disabilities, ongoing bankruptcy status, and obligations to participate in other litigation. *Id.* at 2, 3 & n.1, 5, 9, 16.

The district court has discretion to grant a Rule 59(e) motion when it finds that any one of three circumstances exists: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) the moving party has demonstrated a clear error in the court's opinion that the court must correct to prevent manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). The moving party may not rely on a Rule 59(e) motion to present facts or argument upon which the court has already ruled or to present for the first time arguments or theories that could and should have been raised previously. *Habliston v. FINRA Dispute Resolution, Inc.*, No. 15-2225, 2017 WL 1906584, at \*2 (D.D.C. May 8, 2017).

In short, Plaintiff has advanced no legal rationale for why the court's judgment should be altered or amended. Plaintiff identifies no intervening change in law or new evidence that was not previously available.[3] Additionally, Plaintiff has already raised Defendant's purported spoliation of evidence, which the court rejected, and he cannot use this motion to reassert that theory. *See Habliston*, 2017 WL 1906584, at \*2; Mem. Op., ECF No. 106, at 27. Any suggestion that

---

[3] Three of the four exhibits attached to Plaintiff's Motion are not new evidence, but rather, evidence that was available to Plaintiff well in advance of the court's May 2, 2017, ruling. *See* Errata for Pl.'s Mot. for Recons., ECF No. 108 [hereinafter Pl.'s Updated Mot.], Ex. 2, ECF No. 108-2 ("Exhibit letter to Angela Caesar," dated Sept. 29, 2016); Pl.'s Updated Mot., Ex. 3, ECF No. 107-3 ("Exhibit Inquiry re: Notaries," dated Sept. 27, 2016); Pl.'s Updated Mot., Ex. 4, ECF No. 107-4 ("Exhibit Email and Inquiry re Defendant's Discovery Responses," dated Oct. 20, 2016); *see also* Pl.'s Mot. at 7–9 (describing his efforts to contact the Angela Caesar, Clerk of Court, and notaries public in the District of Columbia in September 2016, and a letter sent to opposing counsel, Fred Haynes, on October 20, 2016). The fourth exhibit, an e-mail Plaintiff received from a court reporting and trial services company, Planet Depos LLC, late last month has no bearing on the court's ruling on Plaintiff's Motion. *See* Pl.'s Updated Mot., Ex. 1, ECF No. 108-1 ("Exhibit Email from Planet Depo," dated May 27, 2017); *see also* Pl.'s Mot. at 4. At most, it reflects Plaintiff's effort to seek a deposition outside the time allotted for discovery.

Defendant acted maliciously or unethically is unsupported by the evidence in the record. Lastly, although Plaintiff is proceeding pro se, he is obligated to adhere to the Federal Rules of Civil Procedure, which include limited periods for discovery and strict deadlines. *See Idrogo v. Foxx*, 990 F. Supp. 2d 5, 6 (D.D.C. 2013). The court provided many extensions of time to Plaintiff in light of his disabilities and other obligations. *See* Mem. Op., ECF No. 106, at 7–8. Accordingly, Plaintiff has not identified a need to correct clear error, and the court sees no manifest injustice in its prior ruling.

In light of the foregoing, Plaintiff's Motion is denied. This is a final, appealable Order.

Dated: June 1, 2017

Amit P. Mehta
United States District Judge